### GREEN *v.* FISK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF LOUISIANA.

No. 965.  Submitted March 21, 1881.—Decided April 4, 1881.

*Green* v. *Fisk*, 103 U. S. 518, followed.

MOTION TO DISMISS.  The case is stated in the opinion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This, like *Green* v. *Fisk*, just decided, is a motion to dismiss an appeal in a partition suit, because the decree appealed from is not final, and also, because the value of the matter in dispute does not exceed five thousand dollars. The appellees, complainants below, claim to be the owners each of one-eighth of the property to be divided, which it is admitted is worth only ten thousand dollars. In the petition it is alleged that the value of the annual income was five thousand dollars, and an account of the revenue is asked as well as a partition. This suit, like the other, was begun in a state court, and removed by Green to the Circuit Court, where, by an express order, it was put on the equity docket and a change in the pleadings directed so as to make it conform to rules governing equity cases.

The decree appealed from simply adjudges that the appellees are the owners each of one-eighth the property, and refers the matter "to J. W. Gurley, Esq., master, to proceed to a partition according to law, under the directions of the court." As was decided in the other case, this is not a final decree, but if it was we would be without jurisdiction, because the property only has been adjudged to the appellees, and the value of that is less than the amount required to bring a case here. There has been no order even for an accounting, and as yet we are not advised there ever will be one, much less that if it should be made a balance would be found due from the appellant sufficient to make the value of the matter in dispute on an appeal by him such as our jurisdiction requires. As the appellant to sustain his appeal must show affirmatively that more in pecuniary value than our jurisdictional

requirement has been adjudged against him, he has failed to make a case for us to consider. *The motion to dismiss is granted.*

*Mr. Thomas J. Durant* and *Mr. Charles W. Hornor* for the motion.

*Mr. Thomas J. Semmes* opposing.