## SAGE *v.* WYNCOOP.

1. Upon consideration of the proofs, the court affirms the decree below, declaring invalid a lien acquired by the levy of an execution upon the goods of a party who was immediately thereafter adjudged to be a bankrupt.
2. *Wilson* v. *City Bank* (17 Wall. 473) approved.

APPEAL from the Circuit Court of the United States for the Northern District of New York.

This was a bill filed by Sage against Wyncoop, Cossitt, and Fowler, to compel the application of a fund in the custody of the District Court of the United States for the Northern District of New York, to the payment of two judgments which he had recovered against Fowler in the Supreme Court of the

State of New York, May 19 and June 2, 1875. It appears that executions, forthwith sued out upon the judgments, were by Cossitt, as sheriff, levied upon goods belonging to Fowler. On the 3d of June and after the levy, Fowler filed his petition in bankruptcy. On the 7th of that month he was adjudged a bankrupt, and on the 9th Cossitt was, by order of the District Court, restrained from proceeding to enforce by sale the collection of the judgments. Wyncoop was appointed in July, 1875, assignee in bankruptcy of Fowler. On the 17th of the following month the District Court made an order authorizing him to sell the goods and deposit the proceeds in court, and declaring that the lien of Sage and of the sheriff, by virtue of the executions and levies, if it was valid, be transferred to so much of such proceeds as would be sufficient to pay them. The sale was accordingly made and the money deposited. The bill prayed for the application of the fund above mentioned.

Wyncoop alone answered, admitting the material facts alleged in the petition, and setting up, among other things, that Fowler, being wholly insolvent, did, immediately before the filing of his petition in bankruptcy, procure or suffer his goods to be seized on the executions, and that the writs were sued out on judgments which he procured or suffered to be taken against him, with the fraudulent intent to thereby give Sage an unlawful preference, contrary to the provisions of the bankrupt law, Sage having reasonable cause to believe Fowler to be insolvent, and knowing that such seizure was made in fraud of his other creditors.

The court dismissed on final hearing the bill, and Sage appealed. The remaining facts are stated in the opinion of the court.

The case was argued by *Mr. Aaron J. Vanderpoel* for the appellant, and by *Mr. George N. Kennedy* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

There are two questions in this case: 1. Whether the preference which the appellant claims to have secured by his judgments and levies was obtained with the active assistance of the

bankrupt; and, 2. Whether the appellant is chargeable with notice of the insolvency of the bankrupt.

We said, in *Wilson* v. *City Bank* (17 Wall. 473, 487), "very slight evidence of an affirmative character of the existence of a desire to prefer one creditor, or of acts done with a view to such preference, might be sufficient to invalidate the whole transaction." This case seems to us full of such evidence. The bankrupt was largely insolvent, and we cannot but believe his son, who was the agent of the appellant, knew it, in a legal sense, when, as he was leaving for Europe, he said to the attorney in whose hands he put the claim for collection, "If you can assist him [the bankrupt] in any way I want you to do it; but Gardner Sage is my client; this is his money, and I want him protected at all hazards." One of the suits was begun on the same day, and, as we think, with the help, if not by the procurement, of the bankrupt. Before the property was taken into the actual possession of the sheriff under any levy, the papers in voluntary bankruptcy were prepared and sent to the clerk of the bankrupt court, with instructions not to file until directed to do so by telegraph; and as soon as the sheriff had perfected his last levy and was in actual possession of the goods, the proceeds of which are now in controversy, the necessary despatch was sent and the proceedings begun. Four days afterwards an adjudication of bankruptcy was secured. We deem it unnecessary to go over the evidence in detail. It is sufficient to say we are satisfied with the conclusions reached below.

*Decree affirmed.*