**WESTMORELAND ASBESTOS CO., Inc., et al. v. JOHNS-MANVILLE CORPORATION et al.**

District Court, S. D. New York.

March 26, 1940.

Weissberger & Leichter, of New York City, for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendants.

HULBERT, District Judge.

This is a motion to settle the record on appeal to the Circuit Court of Appeals and its disposition depends upon the interpretation to be given to Rule 75, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, particularly subdivisions (a) (e) (g) and (h).

The several plaintiffs declared their separate causes of action in a consolidated complaint demanding treble damages for defendants' alleged conspiracy to violate the anti-trust laws of the United States.

Defendants upon a single motion, 30 F. Supp. 389, sought six items of relief:

1. For the dismissal of the complaint as to W. G. Kuehn, Inc., and William G. Kuehn. This was granted and is the only item sought to be reviewed by appeal.

2. For a bill of particulars (granted in part).

3. To strike out redundant matter from the complaint (granted in part).

4. For a separate statement (denied).

5. For a corrected complaint (not considered).

6. General relief (not considered).

A motion for a re-argument of Nos. 3, 4 and 5 was granted and heard but the original disposition was adhered to, 32 F. Supp. 731.

The defendants insist that all papers considered upon the motion be printed. The plaintiffs object to including in the record any papers except those relating to item No. 1 because the appeal is from the judgment entered thereon only. Consequently the dispute has been submitted to me for determination. Such would have been the proper practice under old Equity Rule 75, 28 U.S.C.A. following section 723, but significantly, I think, new Rule 75, Federal Rules of Civil Procedure, constricts the

power and duty of this Court and the Judges thereof. It provides that:

"(a) Promptly after an appeal to a circuit court of appeals is taken, the appellant shall serve upon the appellee and file with the district court * * * the record on appeal. Within 10 days thereafter any other party to the appeal may serve and file a designation of additional portions of the record * * * to be included. * *

"(e) All matter not essential to the decision of the questions presented by the appeal shall be omitted. Formal parts of all exhibits and more than one copy of any document shall be excluded. Documents shall be abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties. * * *

"(g) The clerk of the district court, under his hand and seal of the court, shall transmit to the appellate court a true copy of the matter designated by the parties, * * *" (and additional papers specified therein).

"(h) It is not necessary for the record on appeal to be approved by the district court or judge thereof, but, if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court."

In commenting upon the scope of the parts of Rule 75 pertinent to this application, Hon. William D. Mitchell, Chairman of the Advisory Committee of the United States Supreme Court in formulating the Federal Rules of Civil Procedure (Institute on Federal Rules of the American Bar Association, at Cleveland, Ohio, on July 21st to July 23rd, 1938) said: "There may be cases where a dispute arises as to the accuracy of the reporter's transcript of testimony or whether some other paper is an accurate representation of what occurred. And of course when disputes of that kind occur, the judge must settle them, but the rule relieves the judge of bothering with certification of records prepared in this way."

The following colloquy occurred following the address quoted from above:

"Mr. James T. Hoffman (Cleveland, Ohio): I should like to ask whether I am correct in my understanding that under Rule 75, paragraph (h), either side can have anything included in the record it wants to, that the court has no further supervision as to the context of the record?"

Mr. Mitchell continued: "I think I have stated that; I will state it again. (h) makes it perfectly clear that unless you are getting up this agreed statement form of record that I have referred to, if one side is just asking for copies of certain things and the other side is asking for copies of certain things to appear in the record and parts of the transcript, the district judge isn't called upon to interfere in any way. Why should he?"

Under Rule 75 of the Federal Rules of Civil Procedure it is clear that a Judge of the District Court has no power to intervene in a dispute of the type here presented. The parties have raised no question with respect to whether or not the matters sought to be included in the record on appeal accurately reflect the truth in connection with what has occurred in this Court and whatever other objections plaintiff has must be presented to the Circuit Court of Appeals. The motion is denied. Settle order on notice.