UNITED STATES v. FORNESS et al. (SALAMANCA TRUST CO. et al., Intervenors).

No. 246.

District Court, W. D. New York.

Nov. 24, 1941.

See, also, D.C., 37 F.Supp. 337.

C. C. Daniels, Sp. Asst. Atty. Gen., and Aubrey Lawrence, Sp. Asst. Atty. Gen., George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., for plaintiff.

Charles E. Congdon, of Salamanca, N. Y., for defendants Forness.

George H. Ansley, of Salamanca, N. Y., for City of Salamanca and others.

Richard B. Congdon, of Salamanca, N. Y., for Salamanca Trust Co.

Thomas H. Dowd, of Salamanca, N. Y., for Home Owners' Loan Corporation.

KNIGHT, District Judge.

This is a motion under Rule 75(h) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to correct the record herein. Plaintiff has included in the record extensive affidavits purported to have been submitted upon a motion for summary judgment.

The facts are these. The case was on the regular jury term of this court held at Jamestown, in this District. When the case was reached for trial on July 10, 1940, counsel for the plaintiff stated that he wished to make a motion for summary judgment. At that time it appeared to this court that there was a question which the court deemed necessary to be submitted to a jury. There was no argument then made upon any motion for summary judgment nor were any papers upon such motion then submitted to the court. It appears, and without denial, that a part only of the papers now claimed to constitute the papers on the motion for summary judgment were served upon only one of the various attorneys herein, Charles E. Congdon, attorney for defendants Frank A. Forness and Jessie Forness; and that none of such papers were ever served upon George H. Ansley, attorney for the defendant City of Salamanca; Salamanca Federal Savings & Loan Association and First National Bank; or Thomas H. Dowd, attorney for defendant intervenor Home Owners' Loan Corporation; or Richard B. Congdon, attorney for defendant intervenor Salamanca Trust Company. They have never been served except on Charles E. Congdon. The affidavit of Charles H. Berry, of Wilford Crouse, of Cornelius Seneca, or of C. C. Daniels, an attorney representing the plaintiff, part of the motion papers, were never signed by any of the purported affiants on the copy served. No action was taken on any motion for summary judgment; the case went to trial before the jury. One question was submitted to and determined by the jury. This court did, as appears from the records, state that it did not wish to pass upon the application for summary judgment at that time.

The affidavits on the motion were served on attorney Charles E. Congdon on July 9, 1940, or one day preceding the time when the case was brought on for trial; they were not filed till July 25, 1940, and the notice of motion was returnable July 29, 1940. No answering affidavits were ever served. On the return of the finding of the jury on the question submitted to it, and that was the only question submitted upon such trial, motions for judgment by both parties were made pro forma, and it was then agreed that such motions for judgment should be heard on August 5, 1940, at Buffalo, New York. No further action was taken by the court until the last-named date.

The record on appeal reads: "July 25 Filed affidavits & notice of motion for order for summary judgment—ret. July 29 —Aug. 5—Decision reserved". The record of the Clerk shows no record of any proceedings in this matter under that date.

On August 5, 1940, motions were made by the plaintiff for a directed verdict and

by the defendant for a dismissal of the complaint. Briefs on those motions were submitted shortly thereafter. The plaintiff submitted three separate briefs, one being a reply brief, all directed to the motions for directed verdict and dismissal. There is not a suggestion in any of these briefs or in any briefs filed by the plaintiff that any motion was being made for summary judgment, and there is not a single word in any of the briefs ever submitted to me in this case with reference to any of the matters set up in the affidavits purporting to be on an application for summary judgment. No part of these affidavits were ever submitted to the court or ever seen by this court until after the record on appeal had been printed.

The record on appeal, as stipulated, recites that the motion for summary judgment was denied. No such motion was denied, and the Clerk's minutes do not purport to show this. The Clerk's minutes of August 5, 1940, read: "U. S. vs. Frank A. Forness & 1. Civil 246 Motions adjourned from July 11, 1940 including motion for judgment Motion for order for summary judgment. Mr. Lawrence & Mr. Daniels, Special Assts. to the Attorney General for U. S. Mr. Shane for defendants Mr. Congdon for defendants. Judge Dowd for defendants for H. O. L. C. Decision reserved. Briefs to be filed in ten days. Reply briefs ten days later."

The court did not reserve decision on August 5 or at any time, save as it withheld action on the application made preceding the trial. Even after the motion of July 9, on July 11 Mr. Lawrence, for the government, at the conclusion of the trial, moved for a directed verdict.

When the motions for a directed verdict and for a dismissal were made on August 5, 1940, the court had no thought that any proceedings were pending on any application for summary judgment, because the decision on the aforesaid motions would in effect cancel any motion for summary judgment.

Rule 75(h) under which this motion is made provides that where differences arise as to "whether the record truly discloses what occurred in the district court, * * *" and or "If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, * * * the district court * * *

may direct that the omission or misstatement shall be corrected * * *." It is conceded by the plaintiff that the record is incorrect in that it recites the motion for summary judgment was denied. The government cites several cases in support of its position that this court has not the power to strike those affidavits from the record. I do not think that the cases cited by the plaintiff support its contention. In Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C.S.D.N.Y., March 26, 1940, 1 F.R.D. 249, 250, cited by the plaintiff, the court in part said:

"The parties have raised no question with respect to whether or not the matters sought to be included in the record on appeal accurately reflect the truth in connection with what has occurred in this Court * * *." In this case the parties have raised such a question. In the Matter of Richard Sullivan,[1] D.C.S.D.N.Y. August 1, 1940, cited by the plaintiff, the court said under Rule 75(h) that the court has power to settle the record on appeal "only when a difference arises between the parties with respect to what occurred in the District Court, so that the record may conform with the truth." That is what the defendants ask and that is what the court believes they are entitled to have. One fact clearly demonstrates that this case comes within the rule recognized in the above-cited cases. Neither the notice of motion nor the papers submitted therewith for summary judgment was ever served on all parties entitled to notice. They were never served on any attorney save the attorney Charles E. Congdon. No counter affidavits were ever served.

It is true that the attorneys representing the defendants have stipulated the record in this case. They now seek to be relieved from that stipulation. I am satisfied that they were misinformed in making this. This apparently arose from the recital that the motion for summary judgment had been denied. Had the motion for summary judgment been denied, as the record shows, and as the plaintiff now admits it incorrectly so shows, these affidavits could properly have been included in the record, but otherwise they could not.

There is another matter to be considered here. This court in deciding the motions for dismissal of the complaint and for

---

1 No opinion for publication.

judgment submitted a written opinion. There is no suggestion in any word in that opinion of any reference to any of the matters set up in the aforesaid affidavits.

No designation of the contents of the record on appeal was ever served. Rule 5(a) and Rule 75(a). Counsel for the government called attention to an article in a newspaper under date of August 5 purporting to relate to the consideration of this court of a motion for summary judgment. This article is entirely erroneous in the application of the facts therein stated to any motion for summary judgment. This error on the part of the writer doubtless arose from the fact that the notice of motion for summary judgment reads: "For summary judgment as prayed in the complaint herein * * *." The complaint does not ask for "summary judgment." There was no consideration toward or discussion of motion for summary judgment on August 5, 1940, and I do not understand that the plaintiff claims there was.

Concededly no decision was ever made upon the motion for summary judgment. Under such concession, even assuming that the court reserved action on the motion, the papers on the motion for summary judgment should be stricken from the record.

The motion of the defendants to strike from the record on appeal all of the affidavits and papers on which the motion for summary judgment is purported to have been based is granted.