**Petition of PAHLBERG.**

District Court, S. D. New York.

May 13, 1942.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Charles R. Hickox, of New York City, of counsel), for petitioner-appellee.

Haight, Griffin, Deming & Gardner, of New York City (Herbert M. Statt, of New York City, of counsel), for libelant.

HULBERT, District Judge.

Proctors for the parties in the above-entitled special proceeding came before me, informally, on the settlement of the proposed record on appeal.

The facts are fully set forth in my opinion, Pahlberg v. Kasmu Laeva Omanikud, 43 F.Supp. 761.

In the affidavit submitted in opposition to the motion to compel arbitration (by the appellant now) there was added to the caption "Bulk Carriers Corporation, Libellant, against Kasmu Laeva Omanikud (O. Tiedemann), Respondent," and my opinion was so captioned as thus amended, but neither the order of March 2, 1942, the moving papers on the motion for reargument, the order denying reargument dated March 17, 1942, the notice of appeal, nor the assignments of error were so captioned. The amended form is, however, set forth in the usual proposed stipulation and clerk's certificate.

Counsel for the respondents have refused to certify to the record unless the papers on the motion for reargument and the amendment of the caption appearing in the proposed stipulation and clerk's certificate are deleted.

■ I am of the opinion that the amendment objected to is of no consequence so far as the merits of the appeal are concerned. The notice of appeal should, and does, govern me, and the amendment of the caption appearing in the proposed stipulation and clerk's certificate will be deleted.

■ It has been held in Grame v. Mutual Assurance Society, 154 U.S. 676, 14 S. Ct. 1193, 26 L.Ed. 740, that a petition for rehearing which has been refused is no part of the record.

Proctors for the appellant interpret the order of March 17, 1942, as a denial of the motion to reargue upon the supposition that a reargument was allowed and had, and request that the order be modified to so provide.

■ The court believes it is without any such power. United States v. Radice, 2 Cir., 40 F.2d 445.

The appellant now requests that it be allowed to add to the proposed record on appeal:

(a) An excerpt from a letter written by proctors for the respondent to the proctors for the appellant dated April 20, 1942 refusing to sign the stipulation unless the deletion above referred to were made.

(b) The answer of Rud Pahlberg and others to the libel;

(c) Notice of motion for stay pursuant to Section 3 of the United States Arbitration Act, 9 U.S.C.A. § 3;

(d) Affidavit and order to show cause for reargument of the motion denying the stay;

(e) Libelant's affidavit in opposition to respondent's motion for reargument and order denying the same.

■ Appeals in admiralty suits are governed by Act of Congress, approved Feb. 13, 1911, C. 47, 36 Stat. at L. 901, Title 28, U.S.C.A. § 865, and the rules adopted by the Circuit Court of Appeals, Second Circuit XXXVI to XLIV.

However, Rule 81(a) (3), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "In proceedings under the Act of February 12, 1925, c. 213 (43 Stat. 883) U.S.C. Title 9, relating to arbitration, * * * these rules apply to appeals, * * *."

Therefore, it is my opinion that Rule 75, Federal Rules of Civil Procedure, is applicable because the appeal here is in a special proceeding and not in the admiralty suit.

I had occasion to pass upon Rule 75, supra, in Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C., 1 F.R.D. 249, cited with approval in Treasure Imports, Inc., v. Henry Amdur & Sons, Inc., 2 Cir., March 9, 1942, 127 F.2d 3.

The parties should proceed in accordance with Rule 75 and any matter unnecessarily included in the record by either party will be subject to such action as the Circuit Court of Appeals may deem proper.