**CONSOLIDATED THEATRES, Inc. et al.**

**v.**

**WARNER BROS. CIRCUIT MANAGEMENT CORP. et al.**

**In re GOLD & NICKERSON.**

United States District Court,
S. D. New York.
Nov. 13, 1953.

Fennelly, Eagan, Nager & Lage, New York City, Leo C. Fennelly, New York City, for Gold & Nickerson.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for Twentieth Century-Fox Film Corp.

E. Compton Timberlake, Denver, Colo., for Paramount Pictures, Inc. and Paramount Pictures Corp.

Robert W. Perkins, New York City, for Warner Bros. Pictures, Inc.

Adolph Schimel, New York City, for Universal Pictures Co., Inc.

Herbert B. Lazarus, New York City, for Unitex Paramount Theatres, Inc.

Phillips, Nizer, Benjamin & Krim, New York City, for United Artists Corp.

J. Miller Walker, New York City, for RKO Radio Pictures, Inc. and Radio-Keith-Orpheum Corporation.

J. Robert Rubin, New York City, for Loew's Incorporated.

Schwartz & Frohlich, New York City, for Warner Bros. Circuit Management Corporation, now known as Stanley Warner Management Corp.

GODDARD, District Judge.

This is a motion by respondent to strike certain items from the record on appeal designated by the petitioners, respondent having filed an appeal from a decision on a motion disqualifying him from serving as attorney for the plaintiff in this case.

Rule 75(h) of the Federal Rules, 28 U.S.C.A., provides that if there is any dispute as to whether the record on appeal truly discloses what occurred in the district court, the difference shall be "settled by that court and the record made to conform to the truth. * * * All other questions as to the content and form of the record shall be presented to the court of appeals."

In Treasure Imports, Inc. v. Henry Amdur & Sons, Inc., 2 Cir., 1942, 127 F.2d 3, 4 at page 4, the court said—

"F.R.C.P. 75(h) gives the district court power only to correct misstatements or actual omissions."

Since there is no question that the items sought to be excluded accurately reflect what has occurred in the prior proceedings, this court has no power to intervene. Westmoreland Asbestos Co., Inc., v. Johns-Manville Corp., D.C., 1 F.R.D. 249; In re Sullivan, D.C., 2 F.R.D. 238; Prichard v. Nelson, D.C., 55 F.Supp. 506, at page 517.

Respondent also moved to require defendant-petitioners to designate attorneys to accept service for all, which was consented to.

Motion to strike denied. Motion to designate attorneys granted on consent. Settle order on notice.