## BERESLAVSKY v. KLOEB.

### No. 10451.

Circuit Court of Appeals, Sixth Circuit, June 30, 1947.

W. Brown Morton, of New York City (Pennie, Edmonds, Morton & Barrows, Curt Von Boetticher, Jr. and W. B. Morton, Jr., all of New York City, of counsel), for petitioner.

Frank S. Busser, of Philadelphia, Pa., for respondent.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner is plaintiff in a patent infringement suit begun by bill in equity against the Sun Oil Company, seeking the usual injunction and accounting. On July 21, 1945, the Judge Advocate General of the Army requested that trial therein and in a similar suit pending in New York, be postponed until after the war emergency, because the patent involved data, the disclosure of which might be inimical to the United States. Conforming to the request both causes were removed from the trial calendars in their respective courts. On May 21, 1946, the patent in suit expired. Thereafter, on August 27, the petitioner moved for leave to amend his petition, striking the prayer for equitable relief and accounting under R.S. § 4921, 35 U.S.C.A. § 70, and substituting therefor a prayer for money damages under R.S. § 4919, 35 U.S.C.A. § 67, and an order granting the motion was entered September 24.

On October 2, 1946, an amended complaint was filed seeking money damages, and five days thereafter the plaintiff demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On February 10, 1947, the Sun Oil Company, defendant, moved to strike the order granting petitioner's jury demand. The motion was granted by the district judge on February 25, 1947. The writ of mandamus is sought to direct the court to vacate his order.

The problem is identical with that resolved by the Second Circuit Court of Appeals in Bereslavsky v. Caffey, District Judge, 161 F.2d 499. There the writ was granted with a supporting opinion that would seem adequately to dispose of the present cause were it not for the respondent's insistence that the question have our independent and fully considered judgment. Rule 38 provides that any party may demand a trial by jury of any issue triable of right by making written demand therefor, but not later than 10 days after the service of the last pleading directed to the issue, and that failure to serve such demand constitutes a waiver of jury trial. The petitioner's position is that at the time of the filing of the last original pleading he could not have asked for a jury because the action was then cognizable solely in equity, and it was not until the amended complaint for damages was filed that his right to a jury arose. The respondent contends that the petitioner could have demanded a jury trial in the original action under § 4921, and not having done so waived the right. Its principal argument in support of that contention is that the Rules of Civil Procedure have eliminated all procedural differences between law and equity.

The power of the court, in aid of its appellate jurisdiction, to issue the writ now prayed, is not and may not be questioned. Ex Parte Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; United States Alkali Ass'n. v. United States, 325 U.S. 196, 204, 65 S.Ct. 1120, 89 L.Ed. 1554. Section 4921 vests in the several district courts of the United States, jurisdiction in cases arising under the patent laws and authorizes the granting of injunctions according to the course and principles of courts of equity to prevent the violation of any rights secured by patent, and empowers the court to grant recovery of profits and damages. While the Rules of Civil Procedure (Rule 2) provide for one form of action, we agree with the Second Circuit Court of Appeals that they have not completely obliterated for all purposes, the historic differences between law and equity. They have, for the purpose of achieving a simplified procedure, abolished technical differences, but cases that historically were equitable are still to be tried to the court, and those that were legal, to the jury. It is true that the Chancellor may separate legal issues and send them to the jury once equitable issues have been disposed of, but this does not prevent him from exercising his historic power to dispose of the whole case as Chancellor. Beaunit Mills v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563; Bellavance v. Plastic-Craft Novelty Co.,

864

D.C.Mass., 30 F.Supp. 37; Williams v. Collier, D.C.Pa., 32 F.Supp. 321.

 Section 4921 speaks in terms clearly equitable. As was said by the court in the Beaunit Mills case, supra [124 F.2d 565], "It is true that on issues of patent infringement a jury trial may be had under a claim for damages only, 35 U.S.C.A. § 67 [R.S. § 4919], as distinguished from a claim for injunction and accounting of profits. 35 U.S.C.A. § 70, [R.S. § 4921]. Here * * * the complaint * * * is framed along equitable lines looking to injunctive relief, both prohibitory and mandatory in character, as well as an accounting, together with declaratory relief * * *. This appears to stamp it as presenting equitable issues only, * * *; and hence when the district judge acted, he was correct in denying jury trial. But this does not necessarily mean that a jury issue may not later develop. * * * If, however, issues of a legal nature are later developed, the question of jury trial will have to be determined in the light of the then status of the case." In the Bellavance case, supra, it was held that where the cause was equitable in nature and the relief sought was equitable, the fact that damages were also sought for past infringement did not entitle the plaintiff to a jury trial on the issue of damages. The court said [30 F.Supp. 39], "The distinction between Law and Equity, abolished by the new rules, is a distinction in procedure and not a distinction between remedies." See also Barton v. Barbour, 104 U.S. 126, 133, 26 L.Ed. 672. It is, of course, true that under § 2 Act Feb. 16, 1875, 28 U.S.C.A. § 772, district courts sitting in equity for the trial of patent cases may impanel a jury and submit to it such questions of fact as the court may deem expedient, the verdict of the jury being binding upon the court, but this does not mean that a trial by jury in such causes is a matter of right. The calling of the jury is within the discretion of the court, Federal Rules of Civil Procedure, Rule 39; Keys v. Pueblo Smelting, etc. Co., C.C.Colo., 31 F. 560, and such discretion may be exercised even in cases where the plaintiff, having a right to jury trial, waives the right by failure to make timely demand. Goldman Theatres v. Kirkpatrick, 3 Cir., 154 F.2d 66.

 The contention that the plaintiff in his amended complaint states no new issue, may be true, but the amended complaint states a different cause of action. In the one case an equitable remedy is sought and damages are but incidental to the main prayer for relief. In the other damages constitute the sole ground for the action. It is our view that the petitioner could not have demanded a jury trial at the time of the original pleading because the suit was then exclusively in equity, even though a right to trial by jury might subsequently have arisen upon an adjudication of validity and infringement. For an application of the principle that one does not, by nonaction, waive a right when there is no basis for choice, and where the elements from which selection must be made and which alone give it meaning, have not yet come into existence, see Gentsch v. Goodyear Tire & Rubber Co., 6 Cir., 151 F.2d 997, 1000; Buckley v. C.I.R., 2 Cir., 158 F.2d 158.

The writ will issue directing the respondent to vacate the order striking the jury demand.