**In re CHAPPELL & CO., Inc., et al.**
**[undocketed].**

United States Court of Appeals
First Circuit.

Jan. 16, 1953.

Walter Powers and Sherburne, Powers & Needham, both of Boston, Mass., on memorandum for petitioners.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

On December 29, 1952, this court issued an order denying leave to petitioners to file a petition for a writ of mandamus under 28 U.S.C. § 1651 ostensibly in aid of our appellate jurisdiction. Petitioners have now moved for reconsideration of this order and have filed an extensive memorandum of law in support thereof. We adhere to our ruling in the matter.

From the papers before us, it appears that petitioners filed a complaint in the court below, under the codified Title 17 of the U.S.Code, 61 Stat. 652, charging defendant with infringements of copyright. The prayer of the complaint was that the court issue temporary and permanent injunctions enjoining the defendant from further infringements, and that "the defendant be decreed to pay such damages as may have been sustained by each of the plaintiffs in consequence of defendant's said unlawful acts, but in no event less than Two Hundred and Fifty Dollars ($250.00) to each plaintiff in each cause of action herein." Defendant filed its answer and a claim for trial by jury. The plaintiffs (present petitioners) moved to strike this demand for a jury trial and to transfer the case to the non-jury calendar. The district judge denied the motion, in a memorandum of law evidencing careful consideration of the matter; and it is this action which petitioners now seek to have us review under 28 U.S.C. § 1651. We are asked to issue a writ of mandamus, directing Judge Ford to vacate his order denying the petitioners' motion to strike the defendant's demand for a jury trial and directing him to allow the motion and to transfer the case to the non-jury calendar.

The challenged order was obviously only interlocutory; and it is conceded that the order does not fall within any of the exceptional interlocutory decisions made immediately reviewable by appeal under 28 U.S.C. § 1292.

"Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all." Cobbledick v. United States, 1940, 309 U. S. 323, 324–325, 60 S.Ct. 540, 541, 84 L.Ed. 783. See also Catlin v. United States, 1945, 324 U.S. 229, 233–234, 65 S.Ct. 631, 89 L.Ed. 911. This general policy against piecemeal judicial review is now embodied in 28 U.S.C. §§ 1291 and 1292.

There has been a disposition in some quarters to question the wisdom of such restriction on appellate review, and the Congress from time to time has added to

the very limited number of interlocutory decisions of district courts from which appeal may be taken to a court of appeals. The Judicial Conference of the United States has recently expressed its disapproval of a proposal to amend the present provisions of the Judicial Code so as to provide that in addition to appeals from interlocutory decisions now permitted as of right under § 1292, "a court of appeals, on the application of a party, may in its discretion authorize an appeal from an interlocutory order, judgment or decree if such court determines that such authorization is necessary or desirable to avoid substantial injustice"; the stated objection to this proposal being that it would "unduly encourage fragmentary and frivolous appeals with the evils and delays incident thereto". Report of the Proceedings of a Special Meeting of the Judicial Conference of the United States March 20–21, 1952, p. 7.

But if the present petitioners are right, the above proposed amendment of the Judicial Code, to give courts of appeals discretionary power to review on appeal any interlocutory order when in their view such immediate review is necessary or desirable to avoid substantial injustice, would be unnecessary and superfluous, for the courts of appeals already in effect have such discretionary power to review interlocutory orders under 28 U.S.C. § 1651(a), reading as follows: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

This court has had previous occasion to observe that our authority to issue a writ of mandamus under the so-called all-writs section of the Judicial Code, 28 U.S.C. § 1651, should be very cautiously exercised, lest we lay ourselves open to the charge of reaching out for a jurisdiction which we may think it too bad Congress has not seen fit to confer—this under the pretext of acting in aid of an appellate jurisdiction elsewhere granted to us. See Algonquin Gas Transmission Co. v. Federal Power Commission, 1 Cir., 1953, 201 F.2d 334; Ex parte Farrell, 1 Cir., 1951, 189 F.2d 540, 545. In this attitude of caution we were anticipated by Chief Justice Marshall over one hundred years ago, in Bank of Columbia v. Sweeny, 1828, 1 Pet. 567, 7 L.Ed. 265.

Of course, many types of interlocutory rulings by a district court, if erroneous, may require the court of appeals to set at naught a lengthy trial, upon ultimate review of a final decision in the case. Such, for example, might be an order denying a motion to dismiss an indictment or a complaint, or a ruling admitting or excluding evidence. Nevertheless, the policy against allowing piecemeal appellate review in such cases has been adhered to. See Roche v. Evaporated Milk Ass'n., 1943, 319 U.S. 21, 30, 63 S.Ct. 938, 87 L. Ed. 1185.

In the present case, where again piecemeal review is sought, cogent reasons may be suggested for adherence to the general congressional policy. In the first place, it might turn out that Judge Ford's interlocutory order was correct; so that the only effect of an appellate review at this time would be to delay the trial of the case below. In the second place, even if it be assumed that the district judge was in error in permitting a jury trial, the jury might decide the case in favor of the plaintiffs, in an amount satisfactory to them, and thus the assumed error would be washed out below, and plaintiffs would have no occasion to take an appeal from the final decision in their favor. In the third place, notwithstanding the refusal of the trial judge to transfer the case to the non-jury calendar at the outset, the case might eventually be disposed of in the court below upon motion for summary judgment, or after trial to a jury the case might be disposed of by the granting of a motion for directed verdict. Thus, if the plaintiffs should fail to produce sufficient evidence of infringement to warrant submission of the case to the jury, even if there was error in impaneling the jury the effect of the subsequent proceedings would be to render the error moot and harmless. Finally, even

346

if the jury should bring in a verdict for the defendant, and if the plaintiffs should take an appeal from a final judgment entered thereon, claiming that the disputed issues of fact should have been determined by the trial judge without a jury, the appellate court, if it found error in this regard, would not necessarily have to order a retrial of the case; it might reverse the judgment and send the case back with direction to the district judge who heard it with a jury to make the findings of fact himself on the basis of the evidence taken at the previous trial at which he presided. See Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662, 671.

McClellan v. Carland, 1910, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762, is a good instance of the type of situation in which it is appropriate for a court of appeals to issue a writ of mandamus in aid of its appellate jurisdiction. There a bill in equity was pending before a federal circuit court. Instead of proceeding to hear and dispose of the case, the circuit court issued an order staying further prosecution of the action pending the filing and decision of a proceeding in the state court to determine the question at issue. Since the consequence of the stay order might be to frustrate the potential appellate jurisdiction of the circuit court of appeals to adjudicate the question involved, because of the probable effect of an intervening decision by the state court as res judicata, it was held that the circuit court of appeals should have issued an order to the judge of the circuit court to show cause why a writ of mandamus should not be issued directing him to vacate his stay order. We applied and followed McClellan v. Carland in In re President and Fellows of Harvard College, 1 Cir., 1945, 149 F.2d 69. See also Ex parte United States, 1932, 287 U.S. 241, 245–246, 53 S.Ct. 129, 77 L.Ed. 283. No such situation is presented in the case

before us. Our only jurisdiction is a potential appellate jurisdiction to review a final decision of the district court in the pending action, under 28 U.S.C. § 1291, on which appeal it would of course be our duty incidentally to review any interlocutory rulings or orders in so far as they might have affected the validity of the final judgment under review. The order of Judge Ford now in question does not in any way tend to frustrate or impede our exercise of such eventual appellate jurisdiction.

In support of their position, petitioners have cited Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730; Bereslavsky v. Caffey, 2 Cir., 1947, 161 F.2d 499; Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862; Canister Co. v. Leahy, 3 Cir., 1950, 182 F.2d 510; Canister Co. v. Leahy, 3 Cir., 1951, 191 F.2d 255. At least some of these cases have distinguishing features. None of them contains much reasoned discussion of the jurisdictional problem and we do not stop to discuss them in detail. It is evident to us that our potential appellate jurisdiction to review a "final decision" in the copyright infringement action pending in the district court is not now in need of any "aid". Whatever other courts have done, or might do, in a similar situation, we think that we would be playing fast and loose with the very limited authority conferred upon us by 28 U.S.C. § 1651 if by the device of a writ of mandamus we should undertake now to review and set aside the unappealable order by Judge Ford declining to transfer the case to the non-jury list.

If it be assumed that we have a present discretion in the matter, under 28 U.S.C. § 1651, we are satisfied that the petition presents no extraordinary or compelling situation which should move us to review the challenged order at this time.

The motion for reconsideration is denied.