**ZAMORE et al. v. GOLDBLATT et al.**

No. 153, Docket 22557.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1953.

Decided Feb. 5, 1953.

George J. Rudnick, Brooklyn, N. Y., for appellants.

Max Schwartz, Brooklyn, N. Y., for appellee.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

The first question, although neither party considered it in the briefs, is as to the appealability of the order. City of Morgantown v. Royal Ins. Co., Ltd., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347, is flat against appealability. So appellants' attorney has admitted in his letter to the court submitted after the argument. This letter asks us to treat the appeal as a petition for mandamus. In Magnetic Engineering & Mfg. Co. v. Dings Mgf. Co., 2 Cir., 178 F.2d 866 at page 869, we said: "In this circuit we have twice refused to accept an appeal as a substitute for a petition for mandamus, even when that remedy was applicable; and we shall abide by that ruling."

Appeal dismissed.

FRANK, Circuit Judge (concurring).

My colleagues rest their decision on adherence to the previous decisions in this circuit that papers labelled an "appeal" must never be accepted by us as a petition for mandamus. I feel constrained to follow such recent precedents in this court and therefore to concur. However, I regret this new manifestation of procedural rigidity in appellate practice. As Judge L. Hand said, dissenting from a similar ruling in Abbe v. New York, N. H. & H. R. Co., 2 Cir., 171 F.2d 387, 388, "True, an appeal is not a petition for that writ [mandamus], but, since the only difference is one of form, I am not willing to put the appellant out of court for his failure to call his application by its right name." As I said, when dis-

senting in United States ex rel. Sutton v. Mulcahy, 2 Cir., 169 F.2d 94 at page 102, "In divers contexts, we have rejected antiquated procedural technicalism, the exaltation of labels, in the practice of the trial courts. For instance, we have held that, when a suit is erroneously begun in admiralty, the district court should entertain it if it appears that the court has jurisdiction of the suit regarded as one at common law. We ought not thus insist on such enlightened modernity in lower courts and retain rigid antiquarianism in our court. I see no reason why irrational procedural formalism, judicial redtape-ism, yielding injustice, should not be repudiated in the appellate process, when no statute stands in the way."