See also D.C., 250 F.Supp. 722.

John J. A. REYNOLDS, Jr., Regional Director of the Twenty-Sixth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MARLENE INDUSTRIES CORPORATION et al., Respondents.

United States District Court
S. D. New York.

Feb. 8, 1966.

Arnold Ordman, General Counsel, N. L. R. B., Dominick L. Manoli, Associate General Counsel, Julius G. Serot, Asst. General Counsel, Marvin Roth and George Norman, Attorneys, N. L. R. B., Washington, D. C., and Jacques Shurre, Attorney, N. L. R. B., New York City, for petitioner.

Ballon, Stoll & Shyman, New York City, for respondents Marlene Industries Corp., Charles Meltzer, Samuel Meltzer and Abraham Dansky; David Kaplan, New York City, of counsel.

Charles Hampton White, Nashville, Tenn., for respondents Decaturville Sportswear Co., Trousdale Mfg. Co., Westmoreland Mfg. Corp., Frisco Sports-

wear Co., Aynor Mfg. Co., Loris Mfg. Co., Ray Rindone, Daniel Beitsch, L. E. Broyles, C. M. Jones, Victor Martin, Lloyd Eppersimons and W. J. Schwartz.

METZNER, District Judge:

Petitioner obtained an order to show cause why a preliminary injunction should not issue against the respondents pending final determination by the National Labor Relations Board of unfair labor charges against respondents. Jurisdiction is predicated on section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j).

Respondents Marlene Industries Corporation, Charles Meltzer, Samuel Meltzer and Abraham Dansky move to dismiss the petition for failure to state a claim. The remaining respondents move to dismiss the petition because of lack of personal jurisdiction and insufficiency of service of process. All respondents move for a change of venue pursuant to 28 U.S.C. § 1404(a).

The petitioner is the Regional Director of the Twenty-Sixth Region of the NLRB headquartered in Memphis, Tennessee. The respondent Marlene Industries is a New York corporation with its principal place of business in New York City, where it is engaged in the manufacture and sale of women's clothing. Marlene wholly owns six corporate subsidiaries which manufacture merchandise for Marlene. 85% of their output is shipped to New York, where it is warehoused in a building owned by another wholly owned subsidiary of Marlene. The remaining 15% is shipped directly to customers of Marlene.

These six subsidiaries are also named as respondents in the petition. Three of them are incorporated and located in Tennessee at Decaturville, Trousdale and Westmoreland. Two of them are incorporated and located in South Carolina at Aynor and Loris. The sixth is incorporated and located in Alabama at Frisco City.

Respondent Charles Meltzer is the president and a director of Marlene and the six subsidiaries. He owns 33.7% of the stock of Marlene. Respondent Samuel Meltzer, brother of Charles Meltzer, is the treasurer and a director of Marlene and an officer and director of the six subsidiaries. He owns 33.2% of the stock of Marlene. Respondent Dansky is a vice president and a director of Marlene. The remaining individual respondents are the plant managers of the subsidiaries.

The petition alleges that Marlene and the six subsidiaries are a single integrated enterprise engaged in the manufacture and sale of women's clothing. There is a common ownership and management of all seven corporations and it is alleged that the officers and directors of Marlene "formulate, administer, direct and oversee a common labor relations policy affecting the employees" of the subsidiaries.

The petition goes on to allege that the International Ladies' Garment Workers' Union filed with the Board unfair labor practice charges against the respondents. 29 U.S.C. §§ 158(a) (1) and (3). Subsequently the Board, through this petitioner in Tennessee, issued a complaint alleging that respondents have engaged in, and are engaging in, unfair labor practices. 29 U.S.C. § 160(b). A hearing date on the complaint has been set for Hartsville, Tennessee. There then follow allegations that there are reasonable grounds to believe that respondents have interfered with, restrained and coerced their employees in the exercise of their rights as employees, and have discriminated in regard to hiring and tenure of employment to discourage membership in the union, all in violation of the National Labor Relations Act. Specific allegations of fact are made to sustain these conclusions, and it should be noted that none of them occurred outside of the locale where the subsidiary conducted its manufacturing operations.

Upon the issuance of the complaint the Board, through its Director in Tennessee, filed this petition requesting that the court grant appropriate temporary relief. 29 U.S.C. § 160(j). It is this section

with which we are concerned. The section is a combination jurisdiction and venue statute. In pertinent part it provides that the application for injunctive relief shall be made

"within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business".

The affidavit submitted by the Board to sustain personal jurisdiction and venue shows that the subsidiaries, while incorporated and operating in various Southern localities, are considered as an integral part of Marlene. The affidavit shows that each subsidiary is transacting business here. For example, the president's report to the stockholders of Marlene stated, with obvious reference to the subsidiaries, that Marlene will have six large modern plants which will result in reduction of costs and increased efficiency. A consolidated balance sheet reflecting the operations of Marlene and the six subsidiaries is sent annually to the stockholders. The controlling stockholders who are officers and directors of Marlene are also officers and directors of the subsidiaries. Westmoreland filed an annual corporate report with the State of Tennessee stating that its principal office and place of business out of Tennessee was at Marlene Industries Corp., 1370 Broadway, New York City. Aynor and Loris filed similar annual reports indicating their addresses to be 141 West 36th Street, New York City, and c/o Marlene Industries, 1370 Broadway, New York City. Five of the corporations indicated that their annual meeting to elect officers and directors would take place at 1370 Broadway, New York City.

■ No affidavits were submitted in opposition by the respondents. The court finds that personal jurisdiction exists and venue is proper as to the six subsidiaries.

■ A different result must be reached, however, regarding the individual plant managers named as respondents. They are residents and citizens of the states in which their plants are located. There is no showing that any unfair labor practice they may have engaged in occurred in New York. Consequently, neither personal jurisdiction nor venue exists in this district as to them, and the motion to dismiss is granted to this extent.

Marlene, the two Meltzers and Dansky all reside in New York. It is claimed that there are no allegations in the petition showing that Marlene committed any unfair labor practice. The only substantiation of such a claim is found in that portion of the petition alleging that Marlene and the subsidiaries have been operated as a single integrated enterprise, and that three officers of Marlene engaged in specific acts of unfair labor practices at the plants of the subsidiaries. The resolution of this question should await the hearing on the petition. The considerations sustaining jurisdiction and venue may not be the same for determining the commission of a substantive act.

■ The petition is sufficient as to the individuals Charles Meltzer, Samuel Meltzer and Abraham Dansky, since they are mentioned by name in the specifications of alleged unfair labor practices. For example, on page 7 of the petition it is alleged that the two Meltzers and Dansky assembled the employees at five of the subsidiaries at different times between May 15 and July 8, 1965 and threatened them with plant closure and loss of jobs if they selected the union as their collective bargaining representative. A similar reference is made to these respondents on page 9 of the petition, under date of June 4, 1965.

■ On the question of sufficiency of process, no problems have been raised as regards Marlene, the two Meltzers or Dansky, individually. The only question open relates to the subsidiaries. 29 U.S.C. § 161(5) provides that process may be served in the judicial district wherein the defendant or other person required to be served resides or may be found. The proofs of service indicate

that Charles Meltzer was served personally as president of each of the subsidiaries, as well as by registered mail in such capacity. In addition, personal service was effected on the plant managers at each of the plants of the six subsidiaries. This is sufficient service under Fed.R.Civ.P. 4(d) (3).

 All of the respondents request a change of venue pursuant to 28 U.S.C. § 1404(a).[1] The section refers to the transfer of any "civil action", for the convenience of parties and witnesses. The proceeding here is a motion for temporary relief pending completion of the administrative process, which will result in an order subject to review by the Court of Appeals either under 29 U.S.C. § 160(e) or (f). It may be analogized to a motion to compel arbitration. 9 U.S.C. §§ 4 and 6. Such an application is deemed a civil action. Stathatos v. Arnold Bernstein S.S. Corp., 202 F.2d 525, 527 n. 1 (2d Cir. 1953); Fed.R.Civ. P. 2.

The sole argument in opposition to the requested transfer is that petitioner's choice of forum should be disturbed only if the balance of convenience of parties and witnesses is strongly in favor of the respondents. The petitioner is headquartered in Tennessee. The charges of unfair labor practices were filed there, and the hearings on the complaint issued on the basis of the charges have been scheduled by petitioner in Tennessee. The specifications contained in the complaint and reiterated in the petition in support of this motion all occurred at the plant locations of the subsidiaries, three of which are located in Tennessee, and all far removed from New York City. All records pertaining to employee job classifications, wage rates, earnings and discharges are maintained at the plants of the subsidiaries. The witnesses to the acts reside in those areas, except the three individual re-

spondents who join in the motion for transfer. It is somewhat incongruous for the Board to argue that the convenience of these three individuals is best served by having the hearing heard in this district. There is no indication that anyone else who may have an interest in the proceeding is in New York.

On the argument of the motions the respondents agreed that the most convenient forum would be the Middle District of Tennessee.

Settle order.

---

1. Marlene, the Meltzers and Dansky also request transfer pursuant to 28 U.S.C. § 1406(a). This section is inapplicable since the relief it affords is predicated on venue being laid in the wrong district. As noted above, venue as to these respondents is properly laid in this district.