738 F.2d 85
 1984 A.M.C. 2841
 LIBERIAN VERTEX TRANSPORTS, INC., as owner of the Ore/Oil
Motor Vessel World Kingdom, Plaintiff-Appellant,
v.
ASSOCIATED BULK CARRIERS, LTD., of Hamilton, Bermuda, as
Time Charterer under a Texacotime II Charter Party
dated April 2, 1982, Defendant-Appellee.
 No. 1273, Docket 84-7153.
 United States Court of Appeals,
Second Circuit.
 Argued May 25, 1984.
Decided June 29, 1984.
 
 Charles L. Trowbridge, New York City (Walker & Corsa, Jon W. Zinke, Kathleen V. McQuilling, New York City, of counsel), for plaintiff-appellant.
 Anthony J. Mavronicolas, New York City (Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, Francis J. O'Brien, Isabelle B. Roux, New York City, of counsel), for defendant-appellee.
 Before FEINBERG, Chief Judge, and MESKILL and KEARSE, Circuit Judges.
 FEINBERG, Chief Judge:
 
 
 1
 Liberian Vertex Transports, Inc. (LVT), appeals from an order of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, J., denying LVT's petition to confirm a partial final arbitration award against appellee Associated Bulk Carriers, Ltd. (ABC), and granting appellee's cross-petition to vacate the award. For reasons stated below, we find that Judge Duffy's order was not an appealable final order, and we dismiss the appeal.
 
 I.
 
 2
 In April 1982, LVT, as owner, and ABC, as charterer, entered into a charter party, pursuant to which ABC agreed to hire from LVT the vessel WORLD KINGDOM. The agreement called for the arbitration of disputes.
 
 
 3
 The vessel was redelivered in March 1983. Both LVT and ABC then prepared a final monthly statement of amounts due under the charter party. LVT's calculation indicated a balance due LVT of $220,286.71. In contrast, ABC's statement indicated a credit due ABC of $5,694.89. LVT then demanded arbitration pursuant to the charter party's arbitration clause and the case was submitted to a panel of three arbitrators. LVT sought an immediate partial final award of $125,841.19 on four claims: (1) $67,463.68 withheld by ABC as an offset for a cargo shortage claim raised against ABC by a sub-charterer of the vessel; (2) $4,377.51 for an additional day of hire, not paid because of what LVT alleged was a mathematical error; (3) $50,000 as a loading bonus; and (4) $4,000 as a cleaning bonus for making the vessel suitable for oil cargo in September 1982. LVT also sought interest, costs and attorney's fees. LVT argued that a partial final award as to these claims was appropriate because ABC's non-payment was clearly unjustified and in violation of the charter party.
 
 
 4
 LVT also presented other claims to the arbitrators, but did not ask to have them included in the partial final award: (1) $17,327.63 as additional hire while the vessel was cleaned in March 1983; (2) $41,296.94 as additional hire for the use of fuel during this cleaning period; (3) $4,000 as a bonus for such cleaning; and (4) $73,618.85 as a performance bonus. LVT conceded that an evidentiary hearing might be necessary before the adjudication of these claims.
 
 
 5
 ABC raised defenses to each of the claims that LVT sought to include in the partial final award. It also asserted that it was entitled to offsets of $25,327.13 as a result of a "slow pumping" claim, $9,121.89 for expenses that should have been borne by LVT but were in fact disbursed by ABC, and $58,606.58 for hire improperly included in LVT's final statement. ABC also argued that it would be inappropriate for the arbitrators to enter a partial final award.
 
 
 6
 An interim decision and partial final award was issued in November 1983, with one arbitrator dissenting. LVT was awarded the full $125,841.19 that it sought, plus interest. The panel's majority noted that a partial final award was appropriate because the issues decided in the award were not "factually dependent upon those issues which ha[d] not yet been considered." It found that "uncontested hire is separable from contested hire, which will be dealt with at a later date." The dissenting arbitrator disagreed. He stated that the dispute did not present any separable issues, as the relevant question was "the amount of final hire owing under the charter, not whether one or more segments of this hire were deducted in error." He added:
 
 
 7
 To segregate this issue into what appears to be disputed and undisputed portions, always an imprecise art in the early stages of an arbitration, is, I submit, inconsistent with prior arbitration practice and can only result in needlessly fragmenting these proceedings. There can be no finality in the disposition of this issue until all claims pertaining to it are adjudicated.
 
 
 8
 LVT then petitioned the district court for an order confirming the award. ABC cross-petitioned for an order vacating the award. Judge Duffy refused to confirm the award on the ground that it was not a "final and definitive award" within the meaning of 9 U.S.C. Sec. 10(d). Thus, he denied LVT's petition and granted ABC's cross-petition. This appeal by LVT followed.
 
 II.
 
 9
 The threshold question before us is whether Judge Duffy's order is appealable under 28 U.S.C. Sec. 1291, which grants the courts of appeals jurisdiction over "appeals from all final decisions of the district courts." Relying principally on Stathatos v. Arnold Bernstein S.S. Corp., 202 F.2d 525 (2d Cir.1953), appellee ABC argues that the order is not a "final decision" because it did not put an end to the arbitration proceedings. In Stathatos, the district court considered a motion to vacate an arbitration award on the ground that newly discovered evidence showed that the law firm of one of the arbitrators had once represented a party to the arbitration. The district court granted the motion, vacating the prior award and resubmitting the matter to arbitration. Id. at 526. This court concluded that the district court order would result in further arbitration and therefore was not appealable. Id. at 526-27. According to appellee, Stathatos "is a well recognized precedent for holding that an order vacating an arbitration award leading to a continuing arbitration is an interlocutory order."
 
 
 10
 Appellant LVT suggests in its reply brief that Stathatos was wrongly decided and during the course of oral argument urged us to overrule it. Appellant also argues that the scope of Stathatos was viewed restrictively in Farr & Co. v. Cia. Intercontinental de Navegacion, 243 F.2d 342, 345 (2d Cir.1957), where the court held that an order directing arbitration was appealable as long as it was made in an independent proceeding under the Federal Arbitration Act. Appellant also points to International Produce, Inc. v. A/S Rosshavet, 638 F.2d 548 (2d Cir.), cert. denied, 451 U.S. 1017, 101 S.Ct. 3006, 69 L.Ed.2d 389 (1981), where this court reversed--without discussing the question of appealability--a district court order vacating an arbitration award on the ground that one of the arbitrators should have recused himself because of his role in an unrelated arbitration.
 
 
 11
 We do not find it necessary to determine whether Stathatos is still good law in this circuit. We note, however, that the arguments against appealability are stronger in this case than they were in Stathatos. In Stathatos, if the court of appeals had concluded that the district court erred in determining that one of the arbitrators had a conflict of interest, most probably no further proceedings--arbitral or otherwise--would have been necessary because the arbitrators had issued a final award. In this case, regardless of the outcome of this appeal, arbitration proceedings over the proper amount of hire will continue: claims and counterclaims still remain before the arbitrators. Thus, the usual justification for appealability--that nothing remains to be done in the action--does not apply to this case. See C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3914, at 556-57. Moreover, it appears that the arbitration over the remaining claims and counterclaims will be unaffected by the outcome of this appeal. And when those arbitration proceedings finally do come to an end, one of the parties will presumably seek confirmation once again; a subsequent appeal would involve substantially the same set of facts that are the subject of this appeal.
 
 
 12
 For the foregoing reasons, we think that the right of immediate appeal from a district court refusal to confirm a partial final award on the ground that it lacks finality threatens to add delay and expense to the final resolution of the issues submitted to arbitration. Thus, such a right would undermine the major purpose of the Federal Arbitration Act, which is "to permit a relatively quick and inexpensive resolution of contractual disputes by avoiding the expense and delay of extended court proceedings." Diapulse Corp. v. Carba, Ltd., 626 F.2d 1108, 1110 (2d Cir.1980). A right to appeal here would also defeat a major purpose of 28 U.S.C. Sec. 1291, which is to avoid piecemeal litigation and eliminate the need for separate appellate consideration of different elements of a single claim. See, e.g., Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66, 70 (2d Cir.1973). We therefore see no reason to allow an appeal in this case.
 
 
 13
 The result we reach is consistent with the policy behind Fed.R.Civ.P. 54(b), under which a district court may order the entry of final judgment on "one or more but fewer than all of the claims" presented in an action only if "there is no just reason for delay." If the district court fails to make this finding, its order disposing of some but not all of the claims submitted to it is not appealable. Under Rule 54(b), the district court must determine that "the claim adjudicated [is] a 'claim for relief' separable from and independent of the remaining claims in the case." Brunswick Corp. v. Sheridan, 582 F.2d 175, 182 (2d Cir.1978). This is the same determination that Judge Duffy was asked to make in this case, and that he implicitly refused to make. See Eurolines Shipping Co. v. Metal Transport Corp., 491 F.Supp. 590, 592 (S.D.N.Y.1980). But cf. E.B. Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 414-15 (2d Cir.1980).
 
 
 14
 Appeal dismissed.