Ronald A. Goldman, New York City (Manning, Raab, Dealy & Sturm, of counsel), for respondent-appellant.

Stuart Bochner, South Orange, N.J. (Horowitz & Pollack, P.C., of counsel), for petitioner-appellee.

Before FEINBERG, NEWMAN and CARDAMONE, Circuit Judges.

FEINBERG, Circuit Judge:

Local 32B–32J, Service Employees International Union, AFL–CIO (the Union), appeals from a July 1991 order of the United States District Court for the Eastern District of New York, Reena Raggi, J., vacating the damages portion of an arbitration award against Landy Michaels Realty Corp. (Landy Michaels), and remanding that issue to the arbitrator. The Union contends that the district court erred in vacating the entire damages award and remanding the issue and instead should have modified and confirmed the damages award. We dismiss the appeal for lack of appellate jurisdiction.

**LANDY MICHAELS REALTY CORP.,**
Petitioner–Appellee,

v.

**LOCAL 32B–32J, SERVICE EMPLOY-
EES INTERNATIONAL UNION, AFL–
CIO, Respondent–Appellant.**

**No. 630, Docket 91–7809.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 9, 1991.

Decided Jan. 17, 1992.

## I. Background

Landy Michaels commenced this action in the district court, under 9 U.S.C. § 10, to vacate the arbitrator's award. The arbitrator found that when Landy Michaels pur-

chased a commercial industrial loft building located in Brooklyn, New York, it assumed the terms of a collective bargaining agreement requiring arbitration of disputes arising under the agreement. The agreement contained an "evergreen" provision, which automatically extended the collective bargaining agreement for a period of time until a successor agreement could be negotiated. The arbitrator relied on the evergreen provision in finding that the collective bargaining agreement remained in effect past its expiration date. The arbitrator then found arbitrable the Union's claim that Landy Michaels violated the agreement by laying off four employees shortly after the agreement's expiration date without obtaining the required written consent from the Union. The arbitrator ruled in favor of the Union and awarded substantial damages. The district court confirmed that portion of the arbitrator's award finding that the dispute between the parties was arbitrable and that Landy Michaels had violated the agreement by laying off workers.

As already noted, however, the district court vacated the award as to damages. The court noted that both parties agreed that past damages were miscalculated, in that the arbitrator had awarded wages to the workers for a period of time during which they were still employed at the premises. While the court might have modified the damage award to correct this error, the court decided to vacate the award and remand because damages were calculated through July of 1990, the date of arbitration, even though the labor agreement had expired long before that date and no successor agreement had ever been negotiated. It appeared to the district court that future damages were calculated without considering the outer limits of applicability of the "evergreen" clause. Thus, the district court remanded the damages award for reconsideration and retained jurisdiction of the case.

## II. Discussion

Appellant Union claims that the district court's order vacating the award of damages was erroneous for a number of reasons. First, the arbitrator's possibly inadequate consideration of the outer limits of the applicability of the "evergreen" clause was not a proper ground under 9 U.S.C. § 10 for vacating the award. Second, to the extent that both parties agreed that there had been an error in calculating damages, the district court should have modified the damages award accordingly instead of remanding the entire issue of damages to the arbitrator. And finally, with respect to the remaining damages, the arbitrator did not exceed his authority to award back pay.

The Union's arguments seem to be substantial, but before we can consider them we must deal with a preliminary issue. Appellee Landy Michaels claims that the order of the district court is not final and is therefore not appealable, citing *Stathatos v. Arnold Bernstein S.S. Corp.*, 202 F.2d 525 (2d Cir.1953), for that proposition.[1]

The question whether we are required to dismiss the appeal is far more difficult than Landy Michaels's simple citation of *Stathatos* would suggest. In *Stathatos*, the district court considered a motion to vacate an arbitration award on the ground that newly discovered evidence showed that the law firm of one of the arbitrators had once represented a party to the arbitration. The district court granted the motion, vacated the prior award and resubmitted the matter to arbitration before other arbitrators. On appeal to this court, we concluded in a split decision that the district court order would result in further arbitration and therefore was not immediately appealable.

The scope of *Stathatos* was restrictively construed only four years later in *Farr & Co. v. Cia. Intercontinental de Navegacion*, 243 F.2d 342, 345 (2d Cir.1957). Thereafter, in *International Produce, Inc. v. A/S Rosshavet*, 638 F.2d 548 (2d Cir.), cert. denied, 451 U.S. 1017, 101 S.Ct. 3006,

---

1. Landy Michaels also argues on the merits that the arbitrator had ample ground to vacate the entire damages award and was not required

simply to modify on its own the portion that the Union concedes is incorrect.

69 L.Ed.2d 389 (1981), we reversed—without discussing the question of appealability—a district court order, similar to the order in *Stathatos,* that vacated an arbitration award on the ground that one of the arbitrators should have recused himself because of his role in an unrelated arbitration. More recently, we pointedly remarked that it was not "necessary to determine whether *Stathatos* is still good law in this circuit," although one of the parties asked us to, because "the arguments against appealability" were so much "stronger" in the case then before us than they were in *Stathatos.* See *Liberian Vertex Transports, Inc. v. Associated Bulk Carriers, Ltd.,* 738 F.2d 85, 87 (2d Cir. 1984).

On the other hand, in an even more recent case, we referred to *Stathatos* as a case in which "issues properly the subject of arbitration were yet to be resolved" and noted that "[w]here a district court order does not put an end to the arbitration proceedings, the 'usual justification for appealability—that nothing remains to be done in the action—does not apply.'" *Ottley v. Schwartzberg,* 819 F.2d 373, 375 (2d Cir. 1987) (quoting *Liberian Vertex,* 738 F.2d at 87). In *Ottley,* we allowed an appeal of a district court order remanding an arbitrator's award because the remand would have required the arbitrator to decide an issue not "within the arbitrator's province." *Ottley,* 819 F.2d at 375. We recently followed this course in *CSX Transp., Inc. v. United Transp. Union,* 950 F.2d 872, 875–77 (2d Cir.1991), in which we found that "our jurisdiction here stems from the lack of anything [more] for the [arbitrator] to properly do." Id. at 876 n. 3.

There has also been a recent change in the statutory law concerning appealability in arbitration matters. In all of the cases cited above, the issue of appealability was analyzed pursuant to the same statutory provisions that determine appealability generally in the federal courts, 28 U.S.C. §§ 1291 and 1292(a). However, in 1988 a new section dealing with appeals in arbitration cases was added to the United States Code as part of the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, Title X, § 1019(a), 102 Stat. 4671 (1988). Now codified as 9 U.S.C. § 16, the text of the new section is reproduced in the margin.[2] It has been pointed out that § 16 is a pro-arbitration statute designed to prevent the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration. Its inherent acknowledgment is that arbitration is a form of dispute resolution designed to save the parties time, money, and effort by substituting for the litigation process the advantages of speed, simplicity, and economy associated with arbitration. Its theme is that judicial involvement in the process should be kept to the barest minimum to avoid undermining those goals.

.     .     .     .     .

Subdivision (a) of § 16 enumerates the situations in which an immediate appeal from an arbitrability determination is allowed. It applies for the most part to determinations against arbitration. Subdivision (b) enumerates the situations in

2. Section 16 Appeals
   (a) An appeal may be taken from—
   (1) an order—
   (A) refusing a stay of any action under section 3 of this title,
   (B) denying a petition under section 4 of this title to order arbitration to proceed,
   (C) denying an application under section 206 of this title to compel arbitration,
   (D) confirming or denying confirmation of an award or partial award, or
   (E) modifying, correcting, or vacating an award;
   (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
   (3) a final decision with respect to an arbitration that is subject to this title.
   (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
   (1) granting a stay of any action under section 3 of this title;
   (2) directing arbitration to proceed under section 4 of this title;
   (3) compelling arbitration under section 206 of this title; or
   (4) refusing to enjoin an arbitration that is subject to this title.

which an appeal is not to be allowed, and all of them are decisions in favor of arbitration.

David D. Siegel, Practice Commentary, 9 U.S.C.A. § 16, at 219 (West Supp.1991).

■ We agree that § 16 is "designed to prevent the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration," and we note that the effect of the district judge's remand order here is to impose further delay. Moreover, we are concerned over what the Union charges has been a pattern of dilatory tactics by Landy Michaels, including the failure to appear at hearings before the arbitrator and alleged forum-shopping before three judges in the Eastern District. This concern was apparently shared by Judge Raggi, who took pains to provide in her remand order that Landy Michaels "is expected to participate in [the further] arbitration in good faith." In addition, as already noted, we regard as substantial the issue whether the district court exceeded its authority to review the arbitrator's reasoning, as the Union contends. We still adhere firmly to the propositions that "there is no general requirement that arbitrators explain the reasons for their award," *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir.1972), and that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is "a barely colorable justification for the outcome reached." *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir.1978).

Nevertheless, we have recognized that

[I]f there is to be any meaningful judicial review, an arbitrator's award cannot be absolutely immune from scrutiny, [and] courts on occasion may remand awards to arbitrators to clarify the meaning or effect of an award ... or to determine whether the arbitrator has in some way exceeded [its] powers...." (citations omitted)

*Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 894 (2d Cir.1985) (per curiam). We do not think that § 16 changes the law in this respect, although *Stathatos* itself might be decided differently now since the district court order there vacated an arbitration award in its entirety and required a new arbitration before a different panel. Cf. § 16(a)(1)(E). But the district judge here ordered the same arbitrator to make some further decision with respect to the content of the award. We believe that a district court decision of that sort, as in the past, is not immediately appealable. See *Shearson Loeb Rhoades, Inc. v. Much*, 754 F.2d 773 (7th Cir.1985) (district court order vacating and remanding damages portion of an arbitration award not an appealable final judgment). We also note that the only other court to address this question under the amended statute has stated that a district court order remanding a case to the *same* arbitration panel for clarification of its award would not be appealable. See *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1020 n. 1 (5th Cir.1990).

■ On balance, then, we hold that the district court order here is not appealable at this time. The district court remanded the matter to the arbitrator to reconsider the calculation of damages. Both sides agree that the damages were miscalculated. The district court concluded that the arbitrator should be afforded a further opportunity to consider what the court described as "the outer limits of applicability of the 'evergreen' clause in the 1981 agreement." If this case were within our appellate jurisdiction at this time, we would face the substantial question whether the district court's remand order exceeded the limited scope of review available to a court asked to enforce or vacate an arbitration award. Though some narrow authority to return a matter to an arbitrator may exist where the arbitration task has not been fully performed or where the uncertainty of an award requires clarification, that authority does not extend to obliging the arbitrator to revisit an issue because of a court's disagreement with its resolution. Whether the scope of the district court's remand in this case exceeded its limited authority cannot be determined at this time, however, because we lack appellate jurisdiction. That issue will be available for our determination in the event of a renewed appeal after further proceedings

**798**

before the arbitrator and a final judgment in the district court. In the event of such an appeal, this panel will retain jurisdiction.

Appeal dismissed.