**Vira GOLDMAN, Petitioner–Appellant,**

v.

**ARCHITECTURAL IRON CO., Respondent–Appellee.**

**Docket No. 02–7175.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 13, 2002.

Decided: Oct. 07, 2002.

---

Kevin Schlosser, Ruskin Moscou, Evans & Faltischek, Uniondale, NY, for Petitioner–Appellant Vira Goldman.

David J.McCarthy, Butler, Fitzgerald & Potter, New York, NY, for Respondent–Appellee Architectural Iron Co.

Before JACOBS, VAN GRAAFEILAND, Circuit Judges, TRAGER, District Judge.*

JACOBS, Circuit Judge.

Vira Goldman appeals from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*), dismissing her petition under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, to vacate an arbitral award requiring payment to Architectural Iron Co. ("AIC") of $108,730.55 (plus interest and attorneys' fees) on a contract to fabricate and install a conservatory atop Ms. Goldman's townhouse. The petition alleges that the arbitrator acted in manifest disregard of the law. *See Halligan v. Piper Jaffray, Inc.,* 148 F.3d 197, 202 (2d Cir.1998)

* The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

The district court denied the petition principally on the ground that Goldman failed to show disregard of law " 'clearly applicable' to the facts of this case." *Goldman v. Architectural Iron Co.*, No. 01 Civ. 8875(DLC), 2001 WL 1705117, at *4 (S.D.N.Y. Jan.15, 2001) (citation omitted). We affirm the denial of the petition for substantially the reasons set forth in the district court's well-reasoned opinion.

■ An arbitration award may be vacated if it exhibits a "manifest disregard of the law." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir.1997). Given the deference afforded arbitration decisions, this standard requires more than a mistake of law or a clear error in fact finding. *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 892–93 (2d Cir.1985). Manifest disregard can be established only where a governing legal principle is "well defined, explicit, and clearly applicable to the case," and where the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature. *New York Tel. Co. v. Communications Workers of America Local 1100, AFL–CIO District One*, 256 F.3d 89, 91 (2d Cir.2001)(citing *Halligan*, 148 F.3d at 202); *see also DiRussa*, 121 F.3d at 823 (holding that arbitrators are only charged with having knowledge of governing law identified by the parties). An arbitrator (even an arbitrator who is a lawyer) is often selected for expertise in the commercial aspect of the dispute or for trustworthiness, rather than for knowledge of the applicable law, and under the test of manifest disregard is ordinarily assumed to be a blank slate unless educated in the law by the parties.

■ We review *de novo* a district court's denial of a petition to vacate an arbitration award for manifest disregard of the law. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997).

The underlying dispute involved payment due under a home improvement contract for the assembly and installation of an iron-and-glass conservatory on the roof of the Manhattan townhouse that Goldman owns and in which she resides. Disagreements arose; Goldman refused to pay for work done; AIC commenced arbitration pursuant to the contract; and an architect was designated to serve as arbitrator.

■ Goldman argued to the arbitrator that, because AIC is concededly not licensed in New York, AIC was barred by the New York Home Improvement Law from providing such services to a New York home-owner, *see* New York City Admin. Code § 20–387(a) ("No person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor."), and under New York precedent could not enforce a home improvement contract. *See B & F Bldg. Corp. v. Liebig*, 76 N.Y.2d 689, 563 N.Y.S.2d 40, 564 N.E.2d 650, 652 (1990); *Blake Elec. Contracting Co. v. Paschall*, 222 A.D.2d 264, 635 N.Y.S.2d 205, 207 (1st Dep't 1995).

■ AIC contested Goldman's argument on legal and factual grounds. It pointed the arbitrator to New York cases saying that an unlicensed contractor may recover under a home improvement contract as against a general contractor, *see, e.g., Blake Elec.*, 635 N.Y.S.2d at 208 (collecting cases), and adduced evidence that Goldman held herself out as the general contractor for the project—in particular, that she [i] was a principal in a design and contracting company, [ii] used her company's taxpayer identification number on the work permit for the installation of the conservatory,[1] [iii] acted as a general con-

---

1. Goldman deprecates the significance of this fact by pointing to § 1105(c)(3)(iii) of the New

tractor for additional (and extensive) renovations associated with its installation, and [iv] hired and fired numerous tradespeople while directing the renovations of which the conservatory was one element.

The fact issue for the arbitrator was whether Goldman was acting as a contractor or as a homeowner.[2] Since the arbitrator evidently decided she was a contractor, the decisive issue of law became whether the Home Improvement Law permits an unlicensed contractor to enforce a home improvement contract against a home-owner who is also acting as general contractor on the project. As to that specific question of law, there was no principle that was well defined, explicit, and clearly applicable. Certainly, Goldman advised the arbitrator of none. The resolution of the controversy in arbitration thus required application of "an unclear rule of law to a complex factual situation." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 938 (2d Cir.1986) (Meskill, *J.*, concurring). So even if (as Goldman contends) the arbitrator erred in resolving the conflicting precedent in favor of AIC, the arbitral decision cannot be said to have exhibited a manifest disregard of the law.

The judgment denying Goldman's petition to vacate the arbitration award is affirmed.

---

York tax code, which exempts all home improvements from sales tax regardless of the buyer's status as contractor or owner. However, Goldman concedes that she did not present that statutory argument to the arbitrator, and therefore we will not rely upon it to disturb the award. *See DiRussa*, 121 F.3d at 823.

2. When at one stage of the proceedings Goldman sought a stay of the arbitration, the state court ruled, *inter alia*, that no public policy would be violated by arbitration of the dispute, which it characterized as turning on whether Goldman was a homeowner or general contractor under the New York Home Improvement Law.