**CITIGROUP GLOBAL MARKETS, INC. et al., Plaintiffs,**

**v.**

**Joseph M. SALERNO et al., Defendants.**

**Civil Action No. 05–12191–NMG.**

United States District Court, D. Massachusetts.

Aug. 2, 2006.

D. Greg Blankinship, Greenberg Traurig LLP, Boston, MA, John A. Sten Greenberg Traurig, Boston, MA, for Plaintiffs.

Howard M. Cooper, Todd & Weld, Boston, MA, Daniel S. Komansky, Huntington Station, NY, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiffs Citigroup Global Markets, Inc. and Jack B. Grubman (collectively "Citigroup") move to vacate an arbitration award made in favor of the defendants Joseph M. Salerno and Beverly T. Salerno (collectively "the defendants"). Defendants file their own motion to confirm the arbitration award.

### I. *Background*

On June 29, 2004, defendants submitted a Statement of Claim to the National Association of Securities Dealers, Inc. ("NASD") demanding arbitration of claims against Citigroup pursuant to the NASD Code of Arbitration Procedure. In their Statement of Claim, defendants asserted that Citigroup and its former securities analyst, Grubman, had failed to disclose alleged conflicts of interest prior to their purchase of WorldCom stock and, therefore, all such purchases should be rescinded for alleged violations of 1) Section 17(a) of the Securities Act of 1933, 2) M.G.L. c. 110A, § 101 ("the Massachusetts Uniform Securities Act"), 3) NASD Rule 2210(d)(1) and 4) their fiduciary duty. Citigroup denies liability.

A hearing on the matter took place before a three-member arbitration panel on three separate days beginning on September 12, 2005. On the first day of the hearing, Citigroup's counsel requested the opportunity to submit post-hearing briefs setting forth the facts and law applicable to the matter under review. He informed the panel that, among other things, such a brief could be used by the panel as "a road map". After the parties rested, the panel denied Citigroup's request for post-hearing legal submissions, stating that they had all the information they needed to make a decision. Despite that ruling, Citigroup's counsel submitted a voluminous binder that included hundreds of pages of relevant documents, applicable statutes and case law.

On September 30, 2005, the panel announced its award. The panel awarded defendants compensatory damages in the amount of $913,000 and punitive damages in the amount of $1,500,000. The panel stated that its award of punitive damages was made pursuant to "MGL–A–CH 110A § 410(h) and NASD Rules 95–85 and 95–16." The panel also awarded defendants post-judgment interest at 6% per annum from September 15, 2005, until the award is paid in full. The panel stated that any relief not specifically addressed in the award was specifically denied.

Citigroup's motion to vacate was timely filed.

## II. *Motion to Vacate*

### A. Legal Standard

■ The hallmark of federal court review of an arbitrator's decision is extreme deference to the opinion of the arbitrator, whose interpretation of the contract has been bargained for by the parties to the arbitration agreement. *Salem Hosp. v. Mass. Nurses Ass'n,* 449 F.3d 234, 237 (1st Cir.2006). The First Circuit Court of Appeals has held that "judicial review of an arbitration decision is extremely narrow and extraordinarily deferential [and] 'is among the narrowest known in the law.'" *Providence Journal Co. v. Providence Newspaper Guild,* 271 F.3d 16, 20 (1st Cir.2001)(quoting *Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Employees,* 873 F.2d 425, 428 (1st Cir.1989)).

While federal courts give substantial deference when reviewing arbitral awards, they do not "grant carte blanche approval to any decision that the arbitrator might make." *Challenger Caribbean Corp. v. Union Gen. de Trabajadores de P.R.,* 903 F.2d 857, 861 (1st Cir.1990)(quoting *Int'l Bhd. of Firemen Local 261 v. Great N. Paper Co.,* 765 F.2d 295, 296 (1st Cir. 1985)). The First Circuit has stated:

> In the main, a successful challenge to an arbitration award ... depends upon the challenger's ability to show that the ward is "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact."

*Advest, Inc. v. McCarthy,* 914 F.2d 6, 8–9 (1st Cir.1990)(quoting *Local 1445, United Food and Commercial Workers v. Stop & Shop Cos.,* 776 F.2d 19, 21 (1st Cir.1985)). "Under the [Federal Arbitration Act], an award may be vacated for legal error only when 'in manifest disregard of the law'". *P.R. Tel. Co. v. U.S. Phone Mfg. Corp.,* 427 F.3d 21, 25 (1st Cir.2005) (citation omitted). *See Advest,* 914 F.2d at 9 (holding that a federal court should vacate an arbitral award "where it is clear from the record that the arbitrator recognized the applicable law—and then ignored it").

### B. Analysis

The crux of the present dispute concerns the panel's award of punitive damages to defendants. The panel stated that its award of punitive damages was made pursuant to M.G.L. 110A, § 410(h) and NASD Rules 95–85 and 95–16. Citigroup takes issue with that award on the grounds that it is indisputable that neither Massachusetts law nor the quoted NASD documents authorize punitive damages and that the award is in direct contravention of the clear-cut law that Citigroup presented to the panel. Thus, Citigroup contends that the panel's award of punitive damages 1) is obviously flawed and lacks a legal basis and 2) was made in manifest disregard of the law.

#### 1. The Panel's Authority to Award Punitive Damages

The first critical inquiry requires the Court objectively to determine whether punitive damages may be awarded pursuant to the panel's legal citations. Here, the panel's award of punitive damages is purportedly based on Section 410(h) of the Massachusetts Uniform Securities Act and the NASD Rules.

■ Turning first to state law, it is a well-settled and long established principle that punitive damages may not be awarded under Massachusetts law absent statutory authority. *See* 43 Mass. Practice *Trial Practice* § 282 (1993)("The rule in Massachusetts is that punitive damages generally are not recoverable unless a specific

statute authorizes them."). See *also Johnson v. Andrews,* 1994 WL 455013, at *3 (D.Mass.1994)(allowing motion to dismiss punitive damages claim and holding that "[u]nder Massachusetts law ... punitive damages are not allowed unless expressly authorized by statute"); *Frisone v. Bear Stearns & Co.,* 1983 WL 1313, at *5 (D.Mass.1983)(allowing motion to dismiss a claim for punitive damages on a securities fraud claim and stating that "under Massachusetts law, punitive damages may be awarded only by statute"). Currently there is no statute in Massachusetts by which defendants could recover punitive damages in this matter.

■ Standing by itself, Section 410(h) of the Massachusetts Uniform Securities Act, which was cited by the panel in support of its award, is disturbingly vague with respect to punitive damages. It states:

> The rights and remedies provided by this chapter are in addition to any other rights or remedies that may exist at law or in equity, but this chapter does not create any cause of action not specified in this section.

Nevertheless, the Supreme Judicial Court explicitly stated in 2004 that "[c]ontract damages are not recoverable nor are punitive or multiple damages" under the Massachusetts Uniform Securities Act. *Marram v. Kobrick Offshore Fund, Ltd.,* 442 Mass. 43, 55, 809 N.E.2d 1017 (Mass.2004). Thus, M.G.L. 110A, § 410(h) does not support the panel's award.

The NASD "Rules" that were cited by the panel similarly provide no specific authorization for an award of punitive damages.[1] NASD Notice to Members 95–16 states that

Section 21(f)(4) of the NASD Rules of Fair Practice, as amended, prohibits the use in any customer agreement of any language that ... limits the ability of the arbitrators to make an award under the arbitration rules of a self-regulatory organization *and applicable law.*

Notice to Members 95–16 at 1 (emphasis added). Furthermore, NASD Notice to Members 95–85 provides that Notice to Members 95–16 is "not intended to encourage or discourage the award of punitive damages." Notice to Members 95–85 at 2. Although those Notices leave open the possibility of awarding punitive damages, they also make such an award dependent upon the "applicable law". As this Court has already explained, Massachusetts securities law does not allow for an award of punitive damages, therefore, the panel's citation to the NASD "Rules" was superfluous and irrelevant.

### 2. Manifest Disregard

■ Under the manifest disregard standard, "a mere mistake of law by an arbitrator cannot serve as the basis for judicial review." *P.R. Tel. Co.,* 427 F.3d at 32 (citation omitted). Rather, manifest disregard means that "arbitrators knew the law and explicitly disregarded it." *Id.* (citation omitted). Thus, under that legal standard, defendants contend that, even if the panel objectively misconstrued Massachusetts securities law with respect to whether punitive damages may be awarded, Citigroup has not shown that the panel's award was subjectively made "in manifest disregard of the law".

The NASD Arbitrator's Reference Guide requires that "[i]f there is an award of punitive damages or Attorneys' Fees, the panel must include the authority they

---

1. In fact, the panel's award cited to "NASD Rules 95–85 and 95–16" but there are no such NASD rules. It is presumed that the panel intended to cite to NASD Notices to Members 95–85 and 95–16.

considered in determining to award these damages." In this case, the panel found that:

Respondents are liable for and shall pay to Claimants punitive damages in the amount of $1,500,000.00 pursuant to MGL–A–CH 110A § 410(h) and NASD Rules 95–85 and 95–16.

■ Before scrutinizing the finding, it is worth noting that, under the test of manifest disregard, "an arbitrator is ordinarily assumed to be a blank slate *unless educated in the law by the parties.*" *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir.2004)(quoting *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir.2002))(emphasis added). See *also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 390 (2d Cir. 2003)("In determining an arbitrator's awareness of the law, [courts should] impute only knowledge of governing law identified by the parties to the arbitration."); *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 209 (2d Cir.2002)(explaining that the manifest disregard test "look[s] to the knowledge actually possessed by the arbitrator"). In fact, the Eighth Circuit Court of Appeals has refused to vacate an award where there is nothing in the record to demonstrate that "one of the parties *clearly* stated the law and the arbitrator[ ] expressly chose not to follow it." *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 803 (8th Cir.2004)(quoting *Dawahare v. Spencer*, 210 F.3d 666, 670 (6th Cir.2000))(emphasis added). "[I]f there is no evidence that the arbitrators had *actual* knowledge of what the law required, they could not have manifestly disregarded it." *Arbordale Hedge Inv., Inc. v. Clinton Group, Inc.*, 1999 WL 995186, at *2 (emphasis added). See *also Success Sys., Inc. v. Maddy Petroleum Equip., Inc.*, 316 F.Supp.2d 93, 100 (D.Conn.2004)(describing the duty of the parties to "explicitly bring governing law to the arbitrators' attention").

In this case, the record is devoid of any evidence of Citigroup's efforts to educate the panel on the governing Massachusetts law of punitive damages. In their 40–page "Answer and Affirmative Defenses to Statement of Claim", Citigroup opposed defendants' request for punitive damages in a single sentence without legal citation: "Claimants have not sufficiently pleaded— and are not entitled to—punitive damages." Moreover, in the transcript of the hearing before the arbitration panel (over 500 pages long), Citigroup mentions punitive damages only in its closing argument when its counsel states: "This punitive thing, I mean, should be out the window. . . ." With the exception of those fleeting references to punitive damages, Citigroup fails to suggest to the arbitrators that Massachusetts law does not permit an award of punitive damages to securities investors.

In contrast, defendants raised the issue of punitive damages on several occasions. Specifically, in their "Statement of Claim", they

1) cited to *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), for the proposition that arbitrators are permitted to award punitive damages under the Federal Arbitration Act;

2) quoted M.G.L. c. 110A, § 410(h) and argued that Massachusetts law provides no procedural prohibition to an award of punitive damages in their case;

3) argued that Massachusetts and federal securities law leave the question of punitive damages to the finder of fact, and, therefore, the panel "certainly has the authority to enforce applicable state laws, including but not limited to Massachusetts Blue Sky Laws"; and

4) asserted that NASD Notices to Members 95–85 and 95–16 authorize arbitrators to award punitive relief.

Moreover, defendants also argued during the hearing that punitive damages should be assessed as a deterrent to Citigroup's future misconduct. With the cursory exceptions previously mentioned, Citigroup did not respond.

Citigroup engages in some artful gamesmanship in its motion to vacate. It contends that it cited "relevant case law in the Answer supporting the proposition that punitive damages are not permitted under the Massachusetts Uniform Securities Act", but that argument is disingenuous. Although it cited the Supreme Judicial Court's decision in *Marram*, the citation was in support of a legal proposition unrelated to punitive damages.[2]

Citigroup also points to the binder which it submitted to the panel after the hearing that included relevant documents, applicable statutes and case law, among them a copy of M.G.L. c. 110A, § 410(h) and a copy of the *Marram* decision. By raising the issue of the binder, Citigroup implies that the panel, even when provided with the specific applicable law, proceeded to award punitive damages in manifest disregard of it.

■ Despite that creative argument, Citigroup's introduction of the binder is a diversion. Apparently, it is intended to disguise the fact that Citigroup did absolutely nothing during the arbitration to inform the panel with respect to the Massachusetts law of punitive damages. Citigroup submitted the binder of almost one thousand pages, of which only several sentences on a few scattered pages relate to punitive damages, after its attempt to file post-hearing legal submissions was reject-ed by the panel. In fact, Citigroup did nothing to respond to defendants' legally dubious argument in support of punitive damages. Although not binding on this Court, the Tenth Circuit Court of Appeals has stated, persuasively, that "[m]anifest disregard of the law 'clearly means more than error or misunderstanding with respect to the law'" but, rather, requires a "willful inattentiveness to the governing law." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir.1995) (citations omitted). Such willful inattentiveness cannot be demonstrated by the facts of the case at bar.

Citigroup argues, alternatively, that the panel's decision must be vacated because the governing law has

> such widespread familiarity, pristine clarity, and irrefutable applicability that a court could assume the arbitrators knew the rule and, notwithstanding, swept it under the rug.

*Advest,* 914 F.2d at 10. Echoing the words of Judge Selya in *Advest,* "[t]he case at bar ... is not cut to so rare a pattern." *Id.* As this Court has already stated, M.G.L. c. 110A, § 410 is somewhat ambiguous with respect to punitive damages. Moreover, the *Marram* decision was issued just one year prior to the panel's hearing and there is no reason to presume that the single sentence in that opinion concerning punitive damages was known to the panelists.

Citigroup also stresses that Massachusetts law has been clear for over 100 years that punitive damages may not be awarded absent express statutory authorization. Thus, Citigroup argues that the panel, which included a lawyer among its three members, should have been familiar with that rule of "widespread familiarity". The

---

**2.** Citigroup mentions that defendants' Statement of Claim also cited to the *Marram* decision but, again, that citation was with respect to an altogether different legal proposition.

rule may have been obvious to a practicing lawyer well-versed in the securities law of Massachusetts but not necessarily to a typical arbitrator. The Second Circuit Court of Appeals has noted that "[a]n arbitrator (even an arbitrator who is a lawyer) is often selected for expertise in the commercial aspect of the dispute or for trustworthiness, rather than for knowledge of the applicable law." *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir.2002). Moreover, if the issue of punitive damages was so firmly established, why didn't Citigroup do more than simply comment in passing, "This punitive thing, I mean, should be out the window...." [3]

### III. *Request for Attorneys' Fees and Expenses*

 Defendants assert that Citigroup's motion to vacate the arbitration award is unfounded and, therefore, the Court should order Citigroup to pay defendants' attorneys' fees and expenses incurred in defending this action, citing *Painters and Allied Trades District Council No. 35 v. Ipswich Bay Glass Co.*, 2004 WL 1212078 (D.Mass.2004), for the proposition that

> the remedies normally available when a party refuses to comply with an enforceable award ... include an award of attorneys' fees when a party "without justification" contests an enforceable award.

*Id.* at *6 (internal citations omitted). Here, Citigroup's motion to vacate the arbitration award was not without justification, especially in light of the fact that this Court agrees with Citigroup's ultimately unprevailing proposition that the panel

---

**3.** In fact, defendants contend that Citigroup's argument with respect to punitive damages was so deficient as to constitute a waiver of its right to challenge that award. The First Circuit has found waiver where a party makes no argument whatsoever on a particular issue. *See, e.g., Dorado Beach Hotel Corp. v.*

misapplied Massachusetts law. Thus, defendants will not be awarded attorneys' fees and expenses.

### ORDER

In accordance with the foregoing, Plaintiffs' Motion to Vacate the Arbitration Award (Docket No. 1) is **DENIED** and Defendants' Motion to Confirm the Arbitration Award (Docket No. 8) is **ALLOWED**. This case is **DISMISSED**.

**So ordered.**

---

*Union De Trabajadores De La Industria Gastronomica De P.R. Local 610*, 959 F.2d 2, 5 (1st Cir.1992); *United Steelworkers of Am., AFL–CIO v. Smoke–Craft, Inc.*, 652 F.2d 1356, 1360 (9th Cir.1981).

Here, although Citigroup's argument was meager, it was enough to avoid waiver.