ISMT, Limited v. Fremak Industries, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand sixteen.

PRESENT:
        DENNIS JACOBS,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

ISMT, LIMITED,
        Petitioner-Appellee,

        -v.-                                    15-2086

FREMAK INDUSTRIES, INC.,
        Respondent-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Michael B. Kramer, Michael B. Kramer & Associates, New York, New York. |
| **FOR APPELLEE:** | Lainie E. Cohen & Robert A. Giacovas, Lazare Potter & Giacovas LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Fremak Industries, Inc. ("Fremak") appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), confirming an arbitral award in favor of ISMT, Limited ("ISMT"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). "It is well established that courts must grant an arbitration panel's decision great deference. A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a vary narrow set of circumstances delineated by statute and case law . . . . all of which involve corruption, fraud, or some other impropriety on the part of the arbitrators." Id. Additionally, "we permit vacatur of an arbitral award that exhibits a 'manifest disregard of law.'" Id. (quoting Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002)). "Our review under the doctrine of manifest disregard is 'severely limited.' It is highly deferential to the arbitral award and obtaining judicial relief for arbitrators' manifest disregard of the law is rare." Id. at 389 (quoting Gov't of India v. Cargill Inc., 867 F.2d 130, 133 (2d Cir. 1989)).

"First, we must consider whether the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators . . . . Second, once it is determined that the law is clear and plainly applicable, we must find that the law was in fact improperly applied, leading to an erroneous outcome. We will, of course, not vacate an arbitral award for an erroneous application of the law if a proper application of law would have yielded the same result. . . . Third, once

2

the first two inquiries are satisfied, we look to a subjective element, that is, the knowledge actually possessed by the arbitrators." Id. at 389-90. The doctrine is circumscribed to those "exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." Id. An "arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." Banco de Seguros Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 260 (2d Cir. 2003) (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO, 954 F.2d 794, 797 (2d Cir. 1992)).

Fremak has fallen far short of sustaining its heavy burden. The Tribunal did not manifestly disregard the law in concluding, based on an analysis of the parties' course of dealing, that Fremak waived its right to timely performance. Fremak contends that the Tribunal improperly weighed the evidence in finding that title passed from ISMT to Fremak on September 10, 2012; however, "the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award." Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004) (quoting Success Sys., Inc. v. Maddy Petroleum Equip., Inc., 316 F. Supp. 2d 93, 94 (D. Conn. 2004)). Nor did the Tribunal manifestly disregard the law in concluding that Fremak failed to properly demand adequate assurances because it failed to put such a demand into writing.[1] No other circumstance warrants disturbing the arbitral award.

For the foregoing reasons, and finding no merit in Fremak's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] As a result, it is unnecessary to reach Fremak's argument that the Tribunal erred in finding that ISMT provided such assurances. In any event, Fremak concedes it did not raise this argument below. It "is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994).