Kuruwa v. Turner Construction Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
                      Circuit Judges.
         DENISE COTE,*
                      District Judge.

- - - - - - - - - - - - - - - - - - - -X
DUSHYANT KURUWA,
         **Plaintiff-Counter-Defendant-Appellant**,

         -v.-                                    15-765

TURNER CONSTRUCTION COMPANY,
         **Defendant-Counter-Claimant-Appellee**.
- - - - - - - - - - - - - - - - - - - -X

---

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**                  Dushyant Kuruwa, pro se, Port Washington, New York.

**FOR APPELLEE:**                  Gregory Robert Begg, Peckar & Abramson, P.C., River Edge, New Jersey.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Dushyant Kuruwa appeals from the judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>), confirming an arbitral award in favor of Turner Construction Company. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003). "It is well established that courts must grant an arbitration panel's decision great deference. A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a vary narrow set of circumstances delineated by statute and case law . . . . all of which involve corruption, fraud, or some other impropriety on the part of the arbitrators." <u>Id.</u> Additionally, "we permit vacatur of an arbitral award that exhibits a 'manifest disregard of law.'" <u>Id.</u> (quoting <u>Goldman v. Architectural Iron Co.</u>, 306 F.3d 1214, 1216 (2d Cir. 2002)). "Our review under the doctrine of manifest disregard is 'severely limited.' It is highly deferential to the arbitral award and obtaining judicial relief for arbitrators' manifest disregard of the law is rare." <u>Id.</u> at 389 (quoting <u>Gov't of India v. Cargill Inc.</u>, 867 F.2d 130, 133 (2d Cir. 1989)).

None of Kuruwa's arguments satisfy this exacting standard.

For the foregoing reasons, and finding no merit in Kuruwa's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK