SUMMARY ORDER
Respondent-Appellant Storm LLC (“Storm”) and its corporate parents, Con-temnors-Appellants Altimo Holdings & Investments Limited (“Altimo”), Alpren Limited, Hardlake Limited (collectively, “Altimo entities,” and together with Storm, collectively, “Respondents”), appeal from decisions of the United States District Court for the Southern District of New York (Lynch, J.). The district court granted a motion by Petitioner-Appellee Telenor Mobile Communications AS (“Telenor”) to find the Respondents in civil contempt for their failure to comply with a final arbitration award (“Final Award”) in Telenor’s favor and with the district court’s judgment confirming that award and ordering Storm to comply with its directives. See Telenor Mobile Commc’ns AS v. Storm LLC, 587 F.Supp.2d 594 (S.D.N.Y.2008) (“Contempt Order”). The district court subsequently denied the Respondents’ motions for an order amending the Contempt Order to delay the imposition of sanctions and to eliminate the order’s “sharedeposit” requirement, that is, the requirement that Storm deposit its shares of Kyivstar — the Ukrainian mobile telecommunications company at the center of the underlying dispute between Telenor and Storm — with the Clerk of the Court in order to secure compliance with the Final Award. Storm and the Altimo entities separately appeal from the Contempt Order and the district court’s denials of their motions to amend.[1] We assume the parties’ familiarity with the facts, procedural history of the case, and issues presented on appeal.
The Altimo entities take issue principally with the district court’s determination *469 that they are “alter egos” of Storm and with its conclusion that the Final Award requires Storm’s affiliates to divest from Turkcell, a Turkish company, rather than from Astelit, LLC, the Ukrainian telecommunications company in which Turkcell holds a majority interest. They encourage us to remand the divestiture question to the arbitration panel for clarification.[2] Telenor counters that the district court appropriately determined that the Altimo entities are alter egos of Storm and that the divestiture provision is clear and cannot be disturbed absent manifest disregard of the law.
We agree with the district court that the Altimo entities are alter egos of Storm and are therefore jointly liable for Storm’s contempt of the Final Award’s corporate governance provisions. We review a district court’s legal conclusions in finding alter ego status de novo, and examine its related findings of fact for clear error. See United States v. Funds Held in the Name or for the Benefit of Wetterer, 210 F.3d 96, 106 (2d Cir.2000). The district court’s thorough findings of fact regarding the Altimo entities’ domination over Storm — including that Altimo negotiated the entire transaction giving rise to this dispute, has paid Storm’s legal fees during the course of this dispute, employs Storm’s sole officer, and has initiated collusive litigation aimed to derail the arbitration proceedings — are not clearly erroneous, and they support a conclusion that Storm “primarily transacts the business of the [Altimo entities] rather than its own.”[3] Id.
We also agree with the district court’s enforcement of the Final Award’s literal language requiring Storm’s affiliates to divest from Turkcell.[4] Courts are to exercise “very limited review” over arbitration awards, Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir.1993), and an award should be enforced “if there is a barely colorable justification for the outcome reached.” Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int’l Union, 954 F.2d 794, 797 (2d Cir.1992) (internal quotation marks omitted); see also Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 392 (2d Cir.2003). The Final Award’s divestiture provision is clear on its face and is reasonable — the Tribunal could very well have concluded that Turk-cell was engaged in the telecommunications business in Ukraine through its subsidiary Astelit, making it logical to require Storm’s affiliate to divest from Turkcell. Though remand to an arbitration panel for clarification may be appropriate where an award is so ambiguous that a court is unable to discern how to enforce it, see Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir. 1985), there is no support for remand in *470 cases like this one, where an award is clear and the legal analysis is correct. Accordingly, after hearing oral argument, we vacated the stay of the share-deposit and divestiture components of the Contempt Order and ordered Storm to comply with them on or before February 20, 2009 and March 23, 2009, respectively.[5]
For the foregoing reasons, the district court decisions are AFFIRMED.

. On January 13, 2009, this Court granted a temporary stay of the Contempt Order and consolidated tírese appeals (08-6184-cv; OS-6188-cv) with Storm’s appeal from the district court’s underlying judgment confirming the Final Award (07-4974-cv). On February 4, 2009, we heard argument related primarily to the appeal from the judgment, and on February 12, 2009, we heard additional argument related to the appeals from the Contempt Order. In a companion opinion, we address separately the appeal from the judgment confirming the Final Award.

. Storm’s submission incorporates the Altimo entities' arguments with respect to divestiture and with respect to the application for an extension of the stay of the Contempt Order. Storm’s brief also urges this Court to vacate the share-deposit requirement of the Contempt Order.

. Telenor has suggested that Storm’s compliance with the corporate governance provisions of the Final Award may have mooted the question of the Altimo entities’ alter ego liability for Storm’s contempt, and there is some evidence in the district court record to support this. Nevertheless, inasmuch as the parties have not presented evidence of Alli-mo’s full compliance with the Final Award and the district court's judgment affirming the award, we are unable to conclude on the current record that this issue is moot.

.The arbitration Tribunal ordered Storm to sell its Kyivstar shares within 120 days unless Storm’s affiliated entities were to “divest their holdings in Turkcell ... that exceed five percent.”

. The district court has since adjudicated a second motion for contempt by Telenor related to the divestiture and share-deposit requirements. In connection with the contempt proceedings before it, the district court has also granted two motions by Telenor for attorney's fees. See Telenor Mobile Commc’ns AS v. Storm LUC, No. 07-cv-6929 (GEL), 2009 WL 2168835 (S.D.N.Y. July 20, 2009); Tele-nor Mobile Commc’ns AS v. Storm LLC, No. 07-cv-6929 (GEL), 2009 WL 585968 (S.D.N.Y. Mar. 9, 2009).